UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X     6/15/05
UNITED STATES OF AMERICA,

    - against -              04 Cr. 271 (RWS)

LEI CHEN,                   SENTENCING OPINION

             Defendant.
------------------------------------X

**Sweet, D.J.,**

Defendant Lei Chen ("Chen") has pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute MDMA ("Ecstacy"). He will be sentenced to 34 months of incarceration followed by 3 years of supervised release, subject to the conditions stated herein.

**Prior Proceedings**

On March 23, 2004, a seven-count superseding indictment was filed alleging that Chen (also known as "Nurse Jackie" and "Yang Yang") and nine other co-defendants engaged in various offenses relating to the distribution of Ecstacy. A warrant for Chen's arrest was issued that same day. On March 29, 2004, Chen was arrested. He has been detained without bail since his arrest.

On July 8, 2004, a second superseding indictment was filed with respect to Chen and the other co-defendants. On

February 24, 2005, Chen allocuted before the Honorable Douglas F. Eaton to the offense charged in the seventh count of the second superseding indictment, and Judge Eaton recommended that his guilty plea be accepted. On March 31, 2005, Chen's guilty plea was accepted.

On May 13, 2005, co-defendant Kang Chooi Kee ("Kee"), who allocuted to participation in a conspiracy to distribute 400 Ecstacy pills and was deemed "safety valve" eligible pursuant to 18 U.S.C. § 3553(f), was sentenced by this Court to 12 months of imprisonment, a non-Guidelines sentence. The Guidelines range for Kee's offense was 24 to 30 months of incarceration. The Guidelines range for co-defendant King Sung Kang, who has allocuted to conspiring to distribute 100 Ecstacy pills, is 18 to 24 months of incarceration.

On June 10, 2005, Chen's counsel wrote to the Court concerning Chen's sentence. (See Letter from Kirshner to the Court of 6/10/05.)

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all

of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") establishing by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

Chen was born on October 8, 1977, in the city of Zhejiang in the People's Republic of China ("China"). Chen's family still resides in Zhejiang. His father is employed as a commissioner of real estate development for the city of Zhejiang. Reportedly, he is in good health. Chen's mother is a retired factory worker. Chen has two siblings.

Chen received a junior high school education in China. Chen is fluent in Mandarin. He has at least some ability to communicate in English.

In 1999, Chen entered the United States illegally. Upon his arrival, he lived and worked at restaurant jobs in the Flushing area of Queens, New York. Chen is single, and he has no children.

In April 2005, while incarcerated, Chen experienced a respiratory problem that required hospitalization. He has no history of mental illness. Chen has used cocaine, ecstacy and

4

marijuana on a regular basis since 1999.  He has received no treatment for this drug use.

For three months during 2001, Chen worked as a sushi chef at a restaurant located in Manhattan, New York, earning a weekly salary of $600.  Chen left this job for similar work at another Manhattan restaurant.  Between 2002 and 2004, Chen worked at this second restaurant, earning a weekly salary of $700.  Chen apparently has no assets and no liabilities.  He has never paid U.S. income taxes, nor has he ever filed an income tax return.

**The Offense Conduct**

Between June 2003 and March 2004, Chen conspired with co-defendant Daniel Ng to distribute 1,000 Ecstacy pills to various individuals.  These transactions all occurred in this district.

**Relevant Statutory Provisions**

The maximum term of imprisonment for Chen's offense is 20 years.  See 21 U.S.C. §§ 846 and 841(b)(1)(C).

A term of at least 3 years of supervised release is required if a sentence of imprisonment is imposed.  See 21 U.S.C. §§ 846 and 841(b)(1)(C).

Chen is eligible for not less than 1 nor more than 5 years of probation. See 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. See 18 U.S.C. § 3563(a)-(2).

The maximum fine for Chen's offense is $1 million. See 21 U.S.C. §§ 846 and 841(b)(1)(C). A special assessment of $100 is mandatory. See 18 U.S.C. § 3013.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, for offenses committed after September 13, 1994, the court shall require that all offenders on probation, parole, or supervised release submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

**The Guidelines**

The November 1, 2004 edition of the United States Sentencing Commission Guidelines Manual ("the Guidelines") has been used in this case for calculation purposes. See § 1B1.11.

In the instant offense, Chen conspired to distribute 1,000 Ecstacy pills. In order to establish the appropriate offense level, this quantity of Ecstacy must be converted into its marijuana equivalent. See § 2D1.1, Application Note 10. For calculation purposes, it is assumed that one Ecstacy pill contains 250 milligrams of MDMA, Ecstacy's active ingredient. See id., Application Note 11. Therefore, the total amount of MDMA involved in this offense is deemed to be 250 grams. One gram of MDMA is deemed equivalent to 500 grams of marijuana. See id. (Drug Equivalency Tables). Therefore, Chen's offense involved the equivalent of 125 kilograms of marijuana. See id. The base offense level for an offense involving this quantity of marijuana is 26. See § 2D1.1(c)(10).

Based on his plea allocution, Chen has shown recognition of responsibility for the offense. Because of his timely notification of his intention to plead guilty, thus allowing the Government to allocate its resources more efficiently, and because the aforementioned base offense level is 16 or greater, the offense is reduced 3 levels. See §§ 3E1.1(a) and 3E1.1(b).

Based on the foregoing, Chen's adjusted offense level is 23.

Chen has no known criminal convictions. Therefore, he has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 23 and a Criminal History Category of I, the guideline range for imprisonment is 46 to 57 months. See Ch. 5 Pt. A (Sentencing Table).

Because the applicable guideline range is in Zone D of the Sentencing Table, Chen is not eligible for probation. See § 5B1.1, Application Note 2.

The guideline range for a term of supervised release is three years, the minimum required by statute. See § 5D1.2(b).

The fine range for the instant offense is $5,000 to $1,000,000. See §§ 5E1.2(c)(3)(A) and 5E1.2(c)(4).

Subject to a defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the government of any imprisonment, probation, or supervised release. See § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,931.97 to be used for imprisonment, a monthly cost of $292.21 for supervision, and a monthly cost of $1,590.66 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a). In particular, the Court takes note of the fact that Chen had apparently not engaged in any criminal activity of this sort prior to this offense, that his health is fragile, and that he has limited formal education. See 18 U.S.C. § 3553(a)(1). In addition, the Court takes note that the Guidelines recommend that Chen serve significantly greater amounts of time in comparison to co-defendants who have similar prior records and engaged in similar conduct. See 18 U.S.C. § 3553(a)(6).[1]

---

[1] Prior to Booker, courts of appeals, including the Second Circuit, took the position that section 3553(a)(6) did not provide any basis for downward departures in order to avoid unwarranted disparities in the sentences imposed on co-defendants. See, e.g., United States v. Joyner, 924 F.2d 454, 460 (2d Cir. 1991) (stating that "[t]o reduce the sentence by a departure because the judge believes that the applicable range punishes the defendant too severely compared to a co-defendant creates a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country").

Since Booker, a growing number of courts have "held that sentencing judges are 'no longer prohibited from considering the disparity between codefendants in fashioning a reasonable sentence.'" Ferrara v. United States, -- F.3d --, 2005 WL 1205758, at *11 (D. Mass. May 13, 2005) (quoting United States v. Hensley, No. 2:04 CR 10081, 2005 WL 705241, at *2 (W.D. Va. Mar. 29, 2005)); see also United States v. McGee, -- F.3d --, 2005 WL 1324815, at *17 (7th Cir. June 3, 2005); Simon v. U.S., 361 F. Supp. 2d 35, 49 (E.D.N.Y. 2005). However, in an unpublished summary order, the Second Circuit has made at least some suggestion that the imposition of non-Guidelines sentences to avoid unwarranted sentencing disparities between co-defendants may not be appropriate. See United States v. Toohey, 2005 WL 1220361, at *2 (2d Cir. May 23, 2005).

Based on the foregoing, it is determined that a non-Guidelines sentence is warranted.

**The Sentence**

Chen is hereby sentenced to 34 months of incarceration. During this period of incarceration, it is recommended that all available drug programming for which Chen is eligible be made available to him. Chen has been detained without bail since his arrest. Therefore, he is not a candidate for voluntary surrender. See 18 U.S.C. § 3143(a)(2).

This term of incarceration shall be followed by a 3-year term of supervised release. Chen shall report to the nearest Probation Office within 72 hours of release from custody. It is recommended that he be supervised by the district of residence.

The following are mandatory terms of Chen's supervised release: (1) He shall not commit another federal, state, or local crime; (2) he shall not illegally possess a controlled substance; (3) he shall not possess a firearm or destructive device; (4) he shall cooperate in the collection of DNA as directed by the probation officer; (5) the mandatory drug testing condition is suspended due to imposition of a special condition requiring drug treatment and testing.

Furthermore, the standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Chen will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Chen will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(2) Chen shall obey the immigration laws and comply with the directives of immigration authorities.

Based on an analysis of Chen's financial resources, no fine shall be imposed. However, a special assessment of $100, which is payable to the United States, is due immediately.

This sentence is subject to modification at the sentencing hearing currently scheduled for June 13, 2005.

It is so ordered.

New York, NY
June  /3  , 2005

ROBERT W. SWEET
U.S.D.J.